UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

SIMA KALAJYAN,

Plaintiff

v.

ROYAL CARIBBEAN CRUISES LTD., a/k/a
ROYAL CARIBBEAN CRUISES LTD., A
LIBERIAN CORPORATION, d/b/a
ROYAL CARIBBEAN CRUISE LINE and
d/b/a ROYAL CARIBBEAN INTERNATIONAL
Defendant.

_________________________________/

## COMPLAINT FOR DAMAGES

The Plaintiff, SIMA KALAJYAN, hereby sues the Defendant and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, SIMA KALAJYAN, is sui juris and is a resident of Burbank, California.

3. **THE DEFENDANT.** The Defendant, ROYAL CARIBBEAN CRUISES, LTD., a/k/a ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, d/b/a ROYAL CARIBBEAN CRUISE LINE and d/b/a ROYAL CARIBBEAN INTERNATIONAL, (hereinafter referred to as RCCL or Defendant or the cruise line), is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business

in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT**. The incident occurred on July 8, 2016.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel RCCL *Oasis of the Seas*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred inside the Solarium on Deck 15.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

## COUNT I: NEGLIGENCE

10. The Plaintiff, SIMA KALAJYAN, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 9, above.

11. This is an action for negligence. RCCL has a reasonable duty of care under the circumstances to provide and otherwise maintain its floors in a safe condition, especially Deck 15 on *Oasis of the Seas*, which features several pools and the Solarium. The circumstances are that RCCL owns and/or manages more than twenty (20) cruise ships, including the RCCL *Oasis of the Seas*. RCCL features decks like the *Oasis of the Seas'* Deck 15 (otherwise known as the Lido deck) on each one of its vessels—the deck on which the pool and other amenities, including restaurants are located. RCCL knows that Deck 15 and that all Lido decks are extremely high traffic areas. For that reason, RCCL knows that it is extremely important to inspect, mop, clean, dry, and otherwise maintain the floors in a safe condition due to the significant amount of passenger traffic. RCCL also knows it must inspect the decks of the ship on a regular basis to prevent slippery and dangerous conditions, especially on its floors in and around the pool/water areas and lounge chairs of Deck 15. Therefore, RCCL's duty of care includes inspecting and

cleaning up spills and/or the accumulation of slick surfaces on the floors of Deck 15 on a regular basis.

12. RCCL knew or should have known of the dangerous, slippery, condition existing on Deck 15 inside the Solarium on July 8, 2016 for several reasons. First, RCCL operates many Lido decks onboard the RCCL *Oasis of the Seas* and its other ships. Therefore, RCCL knows from experience that passengers spend substantial time lounging and sunbathing on Deck 15 of the *Oasis of the Seas*. The cruise line knows that Deck 15 is a high traffic area where sunbathers frequently apply sunscreen, which is dropped, sprayed, spilled, and/or accumulates into a greasy, slick substance on the floors of Deck 15. Second, RCCL's employees know from experience that some passengers haphazardly apply sunscreen which spills, drops, and accumulates on the floor of Deck 15 making for a dangerously slick walking surface for innocent and unsuspecting passengers, like the Plaintiff. Thus, RCCL knows that it should inspect, clean up, dry off, cordon off, and warn of these dangerous conditions on Deck 15 on a regular basis. Third, RCCL knows from prior similar incidents on the floor of Deck 15 that this type of flooring causes people to fall. RCCL knows this because of the regular and/or repetitive spills and accumulation of greasy conditions on Deck 15 which have resulted in other passengers slipping and falling. Fourth, RCCL inspects, cleans, and/or mops the area. From that cleaning/mopping, RCCL knows that spills and the accumulation of greasy sunscreen and other bathing oils occur on a regular basis creating a hazard for anyone traversing the area of the Solarium on Deck 15. Because RCCL cleans and mops with greasy, dirty water, the cruise line also knows that any foreign substance on the floor can easily spread if the area is not adequately dried and cordoned off with warning signs visibly posted after cleaning.

13. RCCL either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

14. RCCL had constructive knowledge of the dangerous condition by, inter alia,
(a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed inside the Solarium on Deck 15 and was apparent to any RCCL employee passing by; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care RCCL should have known about it.

15. In the alternative, notice to RCCL is not required because RCCL (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations. Therefore, no notice to RCCL is required.

16. RCCL breached its duty of reasonable care under the circumstances by failing to properly clean and dry a greasy and slippery walking surface inside the Solarium on Deck 15; by allowing the floor inside the Solarium to remain in a slick, greasy, oily, dangerous, and/or unsafe condition for an unreasonable, extended period of time; by failing to inspect for greasy, oily, and slippery conditions on the floor inside the Solarium on Deck 15, a high traffic area where passengers often apply and spill sunscreen and other bathing oils; by failing to warn passengers of the slippery and dangerous condition of the subject area, and/or block or cordon it off; by cleaning and mopping with dirty, greasy water which spread the foreign substance on the floor and made it slippery; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to comply with RCCL's own standards on cleaning, warning, and making safe its floors, especially those on

Deck 15; and by failing to otherwise make safe the floor inside the Solarium on Deck 15 on July 8, 2016.

17. These breaches of RCCL's reasonable duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On July 8, 2016, the Plaintiff was walking through the Solarium on Deck 15 of *Oasis of the Seas*' approaching some lounge chairs where her family members were seated. Because RCCL allowed a slick, greasy, and oily area of suntan oil and/or lotion to gather on the floor inside Solarium, the Plaintiff slipped and fell. The Plaintiff slipped and fell without advance knowledge of the camouflaged, greasy, oily, and slippery condition on the floor. The area created and/or allowed to remain on the floor by RCCL caused the Plaintiff to slip and fall. The Plaintiff tried to right herself after falling, but the extremely slick condition on the floor caused her to immediately fall again onto her left side. The Plaintiff suffered injuries including but not necessarily limited to a left shoulder fracture which required surgery. These injuries required and continue to require significant treatment.

18. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic

damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:__________________________
John H. Hickey (FBN 305081)
federalcourtfilings@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*